The 4th District Appellate Court of the State of Illinois does now convene. The Honorable Eugene T. Dougherty presiding. Good morning. Please be seated. Good morning. Court is calling case number 4-250297 Erickson v. Mitrione. Would counsel for the appellant please state your appearance for the record. David Dury for the appellant Erickson. Good morning. And for the appellee? Dick Ray in your honor for Mr. Mitrione. Thank you. Mr. Dury you may commence with your argument. Thank you your honor. I please the court the trial court erred in vacating a summary judgment under section 1401 for several reasons. First reason is that the appellee failed to either plead or prove that he had any meritorious defense to the claims for violation of the federal rollback statute or the Illinois Consumer Fraud Act. Second reason is that he had previously been convicted of violating the Illinois criminal rollback statute 720 ILCS 5-17-11 which required proof that he had quote rolled back an odometer with intent to defraud another. That's a final judgment in the criminal case which applies under collateral estoppel res judicata. The three claimed meritorious defenses in this case were number one that the plaintiff could not recover more than a $2,000 restitution that had been ordered against the defendant in favor of the plaintiff as the victim of his criminal fraud. In which by the way the defendant never paid the $2,000 but the law provides that the amount of the restitution is not a limit on the amount you can claim in a civil lawsuit. The case cited to the court for that purpose in our briefs is Spierkhoff v. Transke First District Appellate case 1998. The second claim of meritorious defense is that the defendant was denied the right to prove that he did not act intentionally or willfully. But there's already that final judgment in a criminal case under the higher standard of beyond a reasonable doubt that he acted with intent to defraud another. And that criminal case was about this specific sale of this specific motor vehicle to this specific plaintiff. That's a rest judicata in collateral estoppel that's not a meritorious defense that couldn't be raised. The third claim of meritorious defense is that the plaintiff was denied the right to establish that he did not act with an evil motive or reckless disregard as required by the language in the Illinois Consumer Fraud Act. That applies to car dealers only. But that language was declared to be unconstitutional because it applied to car dealers only and not to everybody else in a first district case in 2002 Allen v. Woodfield Chevrolet which is cited in our brief. So the defendant in this case failed to establish any meritorious defense. If we went back for a new trial on any of the claims he would be bound by the doctrines of collateral estoppel and rest judicata based on his criminal conviction for the same act committed beyond a reasonable doubt. The second point I'd like to raise is I would submit that the defendant sort of gave up on meritorious defense in his brief and argued well he was denied procedural due process. And I would point out that when you review the pleadings carefully the notice of William Panitchi the former lawyer for the defendant that he had filed a motion to withdraw as the attorney for the defendant was sent to the defendant by first class mail and by email. And the notice of withdrawal correctly stated according to the defendant his address in the body of the motion to withdraw but the proof of service part of it for first class mail had the wrong address. And but it was sent it was served on him by both first class mail supposedly at the wrong address and by email and the defendant does not address anywhere that in his motions that the email address that was used was an incorrect email address. And when I served a follow up notice of hearing on the summary judgment motion on the defendant after his attorney was allowed to withdraw his previous attorney William Panitchi. I served it by first class mail and email and his response is that well the notice of hearing on the summary judgment motion quote certifies that was sent to me at the correct address close quote without mentioning the email address part of it and without denying that he received it. Which I submit is an admission that he did receive the notice of hearing on the summary judgment in addition we included three emails from William Panitchi's legal secretary sending the defendant copies of the notice of motion to withdraw. Notice of a hearing on the motion to withdraw and a copy of the order allowing him to withdraw after it was entered and nowhere does the defendant say that's not my email address nowhere does he say I didn't receive any of those documents. The only argument he really makes is well I didn't receive the notice to withdraw at the first class mail copy of the notice to withdraw. We've cited a couple of cases on procedural due process Warren County v. Walters a Supreme Court case in 2015 I'm sorry I misquoted there Stratton v. Winona Community Unit District 1 a Supreme Court case in 1990 and BAC Homelawn v. Papa a First District case in 2015. Which provided due process does not require useless formality so the petition under 1401 does not establish that the defendant did not know about his attorney withdrawing on his behalf and essentially concedes he knew about the notice of hearing on the summary judgment which was served on him 43 days before the summary judgment was entered. The third point I'd like to raise is there's still a requirement under 1401 petitions that the defendant must plead and prove that he acted with due diligence in two respects one is in opposing the judgment that was entered against him in the trial court and the second due diligence requirement is due diligence in filing his 1401 petition. And I would submit that the defendant doesn't establish due diligence in either respect the complaint was filed I don't recall exactly but a couple of years before the summary judgment about two and a half years before the summary judgment was entered in 2024. So William Peniche entered an appearance on behalf of the defendant but that's all he ever did he never filed a response to the complaint then the summary judgment motion was served on him about two years after the complaint was filed and he never responded to the summary judgment motion which was pending for about five months before his motion to withdraw. Now his motion to withdraw was filed about 13 days after the motion for summary judgment was filed but was definitely served on him while he was the attorney of record and we've cited a case to the court Horowitz v. Holabird Supreme Court case in 2004 that a defendant is responsible for his attorney's conduct which would normally go to the Supreme Court. And he would be expected to fall within the general responsibility of the attorney handling the case which would certainly include responding to the complaint and responding to the summary judgment motion. So in this case there was absolutely no response to either the complaint or the summary judgment motion and the complaint had been pending for about two and a half years before the summary judgment was entered. And then I sent a copy of the judgment to the defendant in July of 2024 and I think I might have misstated a date a little bit earlier but the complaint was definitely filed two and a half years before the summary judgment motion was filed. So I sent a copy of the judgment to the defendant in July of 2024 which he definitely received and he didn't file his petition under 1401 until I think it was January of 2025. The last point I'd like to make is that he failed to plead or prove that he did not know about William Peniche's motion for leave to withdraw. I think you'll see it's very carefully worded that he says well the first class mail copy was sent to the wrong address. But he doesn't say hey I never knew that he was moving to withdraw. He never said that's not my correct email address which was used repeatedly by a number of people. So I would submit to the court that for all of these reasons the trial court erred in vacating the summary judgment motion. And by the way as a closing comment if we go back for trial on the merits what's his defense going to be? That he's not going to be bound by his criminal conviction and his argument about the amount of restitution. He didn't even pay it but it's not binding. So if the court has any questions. I don't see any. I don't want to cut my time short. Thank you counsel. Mr. Peniche. Please court counsel just so you know this is what happens when you pick up your fountain pen first thing in the morning without looking at it. But such is life. The law abhors a forfeiture. That's really what this case is about. And that's what section 214.01 of the Code of Civil Procedure is here to prevent. It requires proof essentially of two elements. One is the denial of a substantial right and second is the availability of a meritorious defense. I do agree that. Indulgence in two respects. I'm sorry. Indulgence in two different respects. And I agree with that. The right that was denied in this case counsel really hasn't addressed. And that is the right of Mr. Mitrione to be heard on the issues presented on the plaintiff's motion for summary judgment either in person or by his attorney. And he did hire an attorney in the matter. Does that argument prove too much? Because that would say that you could never get a default judgment against anybody. No I don't think that's the case. What happened in this case is I'm not going to say it's unique because I'm sure it's happened before and I'm sure that's the reason for Supreme Court Rule 13. But what happened in this case was that Mr. Mitrione hired an attorney. The attorney was defending him. The attorney defended him in a criminal case. The attorney was defending him in a civil case. That attorney decided to withdraw. That's where the situation breaks down. Rule 13 requires that if the attorney decides to withdraw he has to file a motion and if he files the motion he has to serve a copy of that motion on his client by certified mail. The motion has to identify in its content the last known address of the client. In addition to that, however, the motion has to be served and the certificate of service in this case, well, the certificate of service would have to show that there was service by certified mail or personal delivery or some other means that accommodated a certified response to the service. In this particular case, the motion that was served did identify Mr. Mitrione's correct address in the body of the motion. But it also identified very specifically the fact that it was not served on Mr. Mitrione at that address. And it was in fact served on Mr. Mitrione at an address that Mr. Mitrione has never occupied. Excuse me. Mr. Mitrione certified that by affidavit to his 214-01 motion. So we can take it for granted under this circumstance because this is what the record indicates that the motion was never served on Mr. Mitrione. By certified mail. By certified mail. But the record doesn't show that he denied receiving it by email at his correct address. Frankly, I don't know whether he ever received it by email or not. My understanding was that he never received any notice of any of the proceeding from Mr. Panicki. And you haven't met Mr. Mitrione, but he's a fairly not technologically gifted person. I would expect that if he got it by email, he probably never saw it. His comments to me always were that he never received anything. And he certainly never received anything from him. But his comments to you aren't part of the record. They're not. What the record shows is that he explicitly denied receipt by certified mail and somewhat conspicuously didn't deny receipt by email. And that may well be. Does that make a difference? I don't think so. And I think that's what the plaintiff fails to address in this entire proceeding. The rule requires that it be served by certified mail or personal delivery. The rule also requires that if the client is not present at the time that the order is entered on the motion, I think I used the term hearing, but if the client is not present at the time that the order is entered, then counsel has the additional responsibility of forwarding within, I think it's within five days, a copy of the order by certified mail or personal delivery, again to the client. With a notice attached to that that indicates that the court has ordered that he have 21 days to file a supplemental appearance in the matter, either by himself or by an attorney. Now, in this particular case, the motion wasn't served by certified mail or personal delivery. The rule requires that it be served by personal delivery or certified mail. The rule does not make any exception, and I'm not aware of any authority in the state that avoids that responsibility. And frankly, that's the nature of the rule itself. It's to make sure that the client is informed and informed after a fashion that you can verify it, that you can see that he's signed for it or you can see that somebody's handed it to him. Getting it by email, unless there's some kind of a response made to the email that indicates his receipt, and there isn't in this case, doesn't accommodate that certification. So he was supposed to have received the motion by certified mail. At least this record indicates that he did not. Whether he received it by email or in some other fashion doesn't make any difference in our situation. Does it make a difference to your due process argument? No, it does not. Well, but you're talking about a provision specific to Illinois law about the manner of service, right? But due process is a constitutional concept that would apply the same here or in Kansas or in California. And are you suggesting that somebody with actual knowledge could argue that their procedural rights were violated because they were not complied with as a matter of state law? Yes, because state law explicitly provides for the manner of service. And in this case, state law is what controls. But then that's a state law issue, and you're making a due process argument, which is constitutional. I'm making a due process argument to the extent that he had a right to be represented by an attorney. That's the due process argument. He has a due process right to be represented by an attorney of his choosing. He doesn't have to elect to be represented by an attorney. He can be represented by an attorney or not. That's his decision. But he has a right to be represented by an attorney. So what happened in this case was he hired the attorney. The attorney at one point in the process decided to withdraw. The attorney did not appropriately advise him that he was going to withdraw. He needed to do that by certified mail or personal delivery. Do you agree that if all of that is true, that your client would still need to show a meritorious defense on the face of his plea? He does. He does have to show it? Sure. He has to show that. And he did. He alleged in his motion three different issues. He alleged that the court's proceeding as it did ignored the fact that his actual economic damages were previously determined in the criminal case to be $2,000 as opposed to the $5,000 that was imposed in this particular case. I don't necessarily disagree that a person could go to trial on a particular issue and claim different damages for the same event. But I do disagree that a person can go to trial and claim the same damage in a different amount for the same event. And in this case, that's what happened. Of course, the victim in a criminal case isn't a party. And you're trying to limit what that party can recover in a civil case based on what the state and the defendant agree to as an amount for restitution. No, I'm not. What I'm trying to do is to say that he had a right to walk into the courtroom in front of the judge at a trial in this case and say, wait a minute, everybody agreed in the last one that the damage was $2,000 and here's why. Because I think there was a general agreement between everybody as to that amount. Whether there was an agreement or not doesn't really make a difference to me. What makes a difference is he didn't have the right to say that. That's the first defense that he had. The second defense that he has is that the court proceeding as it did deprived him of the opportunity to present evidence that his acts and omissions, as alleged, were neither willful or intentional, nor performed or omitted with evil motive or reckless indifference to the rights of others, so as to preclude the award of punitive damages. How is that not collaterally stopped by the criminal court judgment? The criminal court required that he acted intentionally to, I'm using the vernacular, to roll back the mileage on the vehicle before he sold it. It does not adjudge that he acted, as I said here a minute ago, either willfully or intentionally or performed those acts with an evil motive or reckless indifference to the rights of others. Those are different issues. Whether he intended to actually hurt this guy to that extent, such that he would be obligated to pay exemplary or punitive damages, is a different issue. Intent to defraud, how do you differentiate that? That's what the standard was in the criminal case. Well, the criminal case, for all intents and purposes, is a strict liability case, and what was determined in this case was he replaced the dashboard in the car with a dashboard that had an odometer in it, and therefore it had a different number in it. The statute requires that that means that he intended to defraud whoever he sold the vehicle to. I don't know that he necessarily intended to do anything other than just sell a vehicle, and the record isn't going to be explicit on whether he intended to do anything other than just sell a vehicle. But in determining punitive and exemplary damages under these two statutes, somebody is going to have to make the determination, the legal determination, that he acted willfully or intentionally or with reckless indifference, or that he had an evil motive when he did whatever it was he did that caused the guy damage. Those are elements that he's entitled to present at a trial of the matter. Now, I'm not suggesting that he can accomplish that at a trial, and I don't think I have to prove that he actually can accomplish that at a trial at this stage of the ballgame. But he was denied the opportunity to do that, and that's the meritorious defense. And with respect to the federal odometer claims, he was denied the opportunity to present evidence that his actions were made with an intent to defraud. Isn't that exactly what the criminal court case establishes? The criminal case establishes that he intended to change the mileage on the vehicle. But I believe all of those issues are separate and distinct. Well, if he had changed the mileage and then disclosed it to the customer, he wouldn't have been charged criminally, and they wouldn't have been able to meet their burden that he defrauded the victim, correct? Correct. I mean, he's allowed to change the dash and the odometer, but there are some requirements to disclose that. There's other requirements beyond that. He can do that under some circumstances, but those circumstances are limited, and they're judged differently. So in this case, he changed the dashboard out in the car. There isn't any doubt about the fact that he changed the dashboard out in the car. Did he do that with an evil motive? Did he intend somebody to be injured by it? Those are issues that have to be addressed by the trier of fact. In this particular case, he never got a chance to address those issues at all, and in particular, whether punitive damages should have been awarded. And that's really the key to the whole thing. The criminal statute requires that the person make the change, the Illinois statute to make the change to conceal or change the actual miles with the intent to defraud another. How does that not preclusive? Preclusive to his position here? Yes. He never got a chance to dispute whether or not he should owe any punitive damages. The fact that he did it with an intent doesn't mean that the court's ever going to impose punitive damages on him. And punitive damages do have a requirement. They have a requirement that they be shown to be willful or intentional, performed or omitted with evil motive or reckless indifference to the rights of others. In determining that, the court is going to eventually decide, A, should we award punitive damages at all? And that's up entirely in the court's discretion to do that. And if I decide, if the court decides to award punitive damages, what amount of punitive damages might be awarded? Now, those are issues that Mr. Mitriell never had the opportunity to weigh in on. And the reason he never had the opportunity to weigh in on them was because he thought he had an attorney who was representing him who, in fact, was not. Now, the question here revolves around whether he got notice of his attorney's withdrawal such that he should have been required to enter a supplemental appearance and show up. Isn't his remedy against his attorney? One of his remedies could be against his attorney. But his remedy is also here because the fact of the matter was, Rule 13 wasn't complied with. And he had a right to rely on Supreme Court Rule 13. Whether he knew it or not, he had a right to rely on it. And Supreme Court Rule 13 required that he receive a copy of the motion by certified mail or personal delivery, and that if he wasn't present at the hearing where the motion was heard and decided, he receive a copy of the order by certified mail or personal delivery with certification that he had 21 days to file a supplemental appearance in the matter. Those events never occurred. Does the case law establish that a failure to comply with the letter of that rule unwinds everything that happened afterwards? Yes, I believe it does. And I think the case that was cited by the plaintiff in his brief essentially stands for that proposition. And that was First National Lacing Corp. v. ETP of Chicago, Inc. And in that case, the defendant was properly notified of the withdrawal of his counsel and then went on to claim that he didn't participate in the matter because his counsel withdrew. The appellate court said, no, it doesn't work that way. You were notified. You had an obligation to withdraw. The case that we cited in that regard, which is Safety Claim Corporation v. Canadian, I think it's Universal Insurance Company, stands for exactly the opposite proposition. That where the guy didn't receive proper notice, then entering a judgment against him was not appropriate. That was the case, the Second District case, reversed the trial court's denial of the defendant's 214.01 petition where the defendant was not properly notified of counsel's withdrawal prior to the entry of a default judgment. This case doesn't deal with a default judgment. It deals with summary judgment. But the end result has to be the same thing. Either he received the notice or he didn't receive the notice. Now, the plaintiff has a remedy. If the plaintiff looks at the notice that the client's counsel sends out and sees it didn't go to the right address, it didn't go out at all, counsel never said it, he has a remedy. He can go to court and ask a judge to order him to send out the notice. Generally, that's a part of the order that's entered by the judge, and I believe that was a part of the order that was entered in this case, was that Mr. Panicki was required to send out a notice by certified mail return receipt requested. Now, it just didn't happen. I think that Mr. Mitrione was entitled to be present at the hearing. There was never a hearing. The judge entered the order to respond, and I'm not saying that that doesn't happen periodically. Somebody handed a copy of the order to the judge. He signed it and gave it to the clerk. But in this particular case, Mr. Mitrione didn't have the opportunity to participate in the process. He was in default, wasn't he? I mean, he had never answered. He never answered. He could have been determined in default, but he was never a judge in default. Now, this whole case just sat for a long time, and I'm not suggesting that Mr. Mitrione had any obligation to move it forward. But as counsel said, there was like a two-and-a-half-year period of time where nothing happened. Now, I'm not suggesting to you that Mr. Mitrione is entitled to say, you know, nothing's going on in this case. I need to ignore it. I have the right to ignore everything else that happens. I'm not suggesting that at all. But at the same time, I know that Mr. Mitrione is a not very intelligent litigant. And I'm sure that the nature of this claim, as it sits for two-and-a-half years, is something that just passes over his head and he forgets about it. That's really not a record, right? It's not. I mean, we've got to decide this based on the record. But the end result of that process was that after it sat for all that time and the motion for summary judgment was called for hearing, the motion for summary judgment was served on Mr. Panicki, his former attorney, which I think reasonably entices him. At the time, his current attorney? No, Mr. Panicki had already withdrawn. Okay. At the time, it was noticed for hearing. Yes, okay. Right? But I think that entitles him to understand that Mr. Panicki is representing him under the circumstances where he's never seen an order allowing Mr. Panicki to withdraw. He assumes that Mr. Panicki is still representing him and he waits for Mr. Panicki to tell him what happened. In this case, he doesn't find out about what happened until counsel, some number of months after the fact, I think maybe a year after the fact, decides to collect on the judgment. At which time, Mr. Mitrione becomes aware, okay, that judge entered a judgment against me without me having an opportunity to see it. May I finish the thought? You may. Without having an opportunity to participate in the process. And he gets involved in it by filing a motion to reconsider, which is denied, and it was not a proper motion, but it was the best he could do, per se, and whereupon he went out and hired an attorney and the attorney filed a 214-01 motion. The issue here, I think, revolves solely around that denial. All right. Thank you, counsel. Thank you, Your Honor. Mr. Durian. Thank you, Your Honor. The summer judgment motion was noticed twice. It was noticed while Mr. Panitchi was still an attorney of record, and then when he was allowed to withdraw, I noticed it again for a later date, which the defendant does not deny receiving that notice. In fact, I've quoted this before, but he says, well, it's certified that it was sent to me at the correct first-class mail address, but it was also sent to him by e-mail. He knew about the notice of summer judgment, both through the notice to his attorney while he was the attorney of record and to him later on. As indicated previously, the criminal statute requires a finding that he rolled back the odometer, quote, with intent to defraud another, close quote. That's grounds for punitive damages right there. The language in the consumer fraud statute, which Ted did not address, about for a car dealer there has to be evidence for punitive damages that the defendant acted with an evil motive or reckless disregard on top of the normal willful and wanton malicious conducts, that language has been declared unconstitutional.  If the facts support punitive damages, that's one thing, right?  But they're not required. The court has to decide whether, although they're permitted, they should be awarded. And if they're awarded, how much? Correct. Those are things that the defendant never had an opportunity to address the court about. No, I would disagree. He had an opportunity. He had notice and opportunity to hire a lawyer if he wanted to. He knew about it. It was his choice not to. That argument would mean that any judgment, in any case where the defendant didn't appear for any reason, could be set aside under 1401. That's not the standard. The defendant has to show a meritorious defense to the claim for punitive damages. The mere fact that the court might have awarded a different amount or not awarded some amount, that's not a meritorious defense. That's just saying I didn't show up and participate. And if I was allowed to show up and participate, I might get a different result. That's not a meritorious defense. And if I understand the argument under Rule 13 and procedural due process, which I cited cases to the court, it says the procedural due process does not require useless formality. But if I understand the defendant's argument that he or she has to show up he's not denying that he received a copy of the motion to withdraw by email or that he knew about it, but he's claiming what the rule says, they have to personally serve it on me or send it to me by certified mail, and they didn't do that. That's still not grounds for setting aside the judgment under 1401, period, if he knew about it and he's not saying I didn't know about it. That's in the record. He's not willing to say I had no knowledge of the motion to withdraw as my attorney. And he admits receiving the notice for summary judgment. So what's he supposed to do? Say, well, just because I got a notice there's a motion for summary judgment means I should do something. I should call my lawyer and find out what he's doing if I don't know he's withdrawing, although I'm not denying that I received a notice of withdrawal. He did nothing. It's simply not a 1401 case, Your Honor. There's no grounds to vacate the summary judgment in this case. And, like I said, if we go back to trial again, that's just asking for a do-over. He could get more punitive damages, I suppose, but he couldn't avoid liability for either actual or punitive damages, not based on the criminal conviction. So I would submit that the order vacating the summary judgment should be reversed. Thank you, counsel. We will stand in adjournment at this point and issue a written decision in due course.